UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BAGNALL, et al., | : |
| | : |
| Plaintiffs, | : No. 3:11-cv-01703-MPS |
| | : |
| v. | : |
| | : |
| SEBELIUS, | : |
| | : |
| Defendant. | : OCTOBER 3, 2018 |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
CONTINUE TO MAINTAIN UNDER SEAL DOCUMENTS
RELATED TO NON-PARTY KEYSTONE
<u>PEER REVIEW ORGANIZATION, INC.</u>**

BACKGROUND

Keystone Peer Review Organization, Inc. ("KEPRO") is a Utilization and Quality Improvement Organization ("QIO") defined by the Department of Health and Human Services Centers for Medicare and Medicaid ("CMS") as a group of health quality experts, clinicians, and consumers organized to improve the care delivered to people with Medicare. See Exhibit A. QIOs work under the direction of CMS to assist Medicare providers with quality improvement and to review quality concerns for the protection of beneficiaries and the Medicare Trust Fund. *Id.*

1

Plaintiffs served a subpoena on KEPRO in this case seeking particular items set forth in the "Documents to be Produced" section of the subpoena. See Exhibit B. KEPRO responded to the subpoena by providing documents, noting that certain of the documents were confidential, proprietary, contained trade secrets, and/or were protected by federal statutes and/or regulations from public disclosure. Certain of the documents provided pursuant to the subpoena have now been filed by Plaintiffs with this Court, under seal, in opposition to the Defendant's motion for summary judgment. The items currently under seal are:

a. Five transcripts of review sessions concerning short stay reviews conducted by KEPRO with hospitals or health systems (Plfs. Exhs. 20-24);

b. Training program slides bearing the identification number KEPRO 0014-23 (Plfs. Ex. 26);

c. KEPRO Document "Fax Box Procedures and Processes" with identification number KEPRO 0114 (Plfs. Ex. 27);

d. KEPRO "Employee Reference Manual" with identification number KEPRO 0159-184 (Plfs. Ex. 28); and

e. "Appendix 003: Two-Midnight Stay Admission Order Guide" bearing identification number KEPRO 0189-218 (Plfs. Ex. 29).

Also filed under seal by Plaintiffs are certain materials which are Medical Officer Collaboration Meeting Minutes. These Minutes were provided by the Department of Health & Human Services ("HHS"). These minutes are marked as Plaintiffs' Exhibits 3, 7, 8 and 9. The minutes identify individuals who are

2

employed as Medical Directors for KEPRO. The Medical Directors are actively practicing physicians and meet the definition of peer reviewers. Accordingly, KEPRO seeks to have these HHS documents remain under seal.

There are compelling reasons and good cause to seal certain of the above-described documents, as set forth below.

## ARGUMENT

### A. THE TRANSCRIPTS OF REVIEW SESSIONS SHOULD REMAIN UNDER SEAL.

HHS is charged by statute with the authority to promulgate regulations regarding the confidentiality of patient records being held by peer review organizations. 42 U.S.C. § 1320c-9(a)(2). The regulations must "assure adequate protection of the rights and interests of patients, health care practitioners, or providers of health care[.]" *Id.* HHS has issued regulations which, among other things, interpret what information is confidential with respect to QIOs. See 42 CFR Part 480. Under law, the regulations are entitled to deference. *Chevron U.S.A. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984).

Among the documents provided pursuant to the subpoena on KEPRO are transcripts of discussions among KEPRO employees and hospitals regarding clinical reviews. Plaintiffs have filed five of the transcripts produced by

KEPRO under seal. These transcripts are labeled Plaintiffs' Exhibits 20-24. KEPRO seeks to have these transcripts remain under seal.

The transcripts reveal discussions among KEPRO and hospital staff regarding the application of the Short Stay Review Rule to particular patients and initial determinations of medical necessity for inpatient admission. The discussions deal with the information that KEPRO, as the QIO, acquired and used in its determinations.

The transcripts should remain under seal because Federal law specifically protects the information contained in the transcripts. A QIO is prohibited from disclosing "data or information acquired . . . in the exercise of its duties and functions . . . ." 42 U.S.C. § 1320c-9(a). QIO information must be held in confidence. 42 CFR § 480.103(b). "Confidential information" means "[i]nformation that explicitly or implicitly identifies an individual patient, practitioner or reviewer." 42 CFR § 480.101(b). It also includes "[q]uality review studies which identify patients, practitioners or institutions" and "QIO deliberations." *Id.* The regulations also defines the term QIO deliberations:

> QIO deliberations means discussions or communications . . . including, but not limited to, review notes, minutes of meetings and any other records or discussions and judgments involving review matters regarding QIO review responsibilities and appeals from QIO determinations, in which the opinions of, or judgment about, a particular individual or institution can be discerned.

4

*Id.*

A QIO may disclose quality review study information to an "institution or practitioner, if the information is limited to health care services furnished by the institution or practioner[.]" 42 CFR § 480.140(a)(2).   Otherwise, a QIO may not disclose its deliberations except to CMS (or the Office of the Inspector General or the Government Accountability Office).  42 CFR § 480.139(a).

The transcripts currently under seal, Plaintiffs' Exhibits 20-24, contain discussions with institutions.  They contain confidential information as that term is defined by 42 CFR § 480.101(b) in that they identify the institutions, quality review studies, and the QIO deliberations.  Therefore, the transcripts contain the information specifically prohibited from disclosure by the statute and the regulations stated above.

For these reasons, the transcripts (Plfs. Exh. 20-24) should be sealed.

### B.   KEPRO CONFIDENTIAL DOCUMENTS SHOULD REMAIN UNDER SEAL.

KEPRO responded to Plaintiffs' subpoena by providing certain materials that it seeks to protect from the public because they contain proprietary information and/or trade secrets.

The definition of a "trade secret" is:

> [I]nformation, including a formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

C.G.S. § 35-51.

To qualify as a trade secret, information cannot be "[m]atters of public knowledge or of general knowledge in an industry" and "a substantial element of secrecy must exist, to the extent that there would be difficulty in acquiring the information except by the use of improper means." *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 138 (D. Conn. 2014). Confidential proprietary data relating to pricing, costs, systems, and methods are protected by trade secret law. *In re Dana Corp.*, 574 F.3d 129, 152 (2d Cir. 2009).

The document that is Plaintiffs' Exhibit 27 is an in-house communication that identifies procedures and processes for employees to refer to when processing appeals. See Plfs. Ex. 27. The document contains confidential proprietary data relating to methods of handling appeals and is used by only KEPRO employees and not disseminated outside the organization to any third parties. Information contained in Exhibit 27 could be used by competitors of KEPRO who might seek to obtain QIO contracts with CMS and who would not have to expend any resources to set up procedures for handling appeals if there was public access to KEPRO confidential documents.

The document that is Plaintiffs' Exhibit 28 is the KEPRO Employee Reference Manual that contains direction for nurse reviewers who are reviewing short stay medical records. See Plfs. Ex. 28. The document is confidential proprietary data relating to methods of handling appeals and is used by only KEPRO employees and not disseminated outside the organization to any third parties. Information contained in Exhibit 28 could be used by competitors of KEPRO who might seek to obtain QIO contracts with CMS and who would not have to expend any resources to set up procedures for handling appeals if there was public access to KEPRO confidential documents.

The document that is Plaintiffs' Exhibit 29 begins with a page entitled "Appendix 003." See Plfs. Exh. 29. Contained within Exhibit 29 are pages that are **not** proprietary and confidential; specifically;

- Page KEPRO 0194 (cover page) and 0194 ("Appendix 005) is a CMS document that has been previously published;
- Pages KEPRO 0198-203 are slides which have become part of the public domain through CMS;
- Pages KEPRO 204-213 are pages which have become part of the public domain through CMS; and
- Pages KEPRO 214-218.

Accordingly, these pages are not required to be kept under seal. However, the following pages of Exhibit 29 are proprietary and confidential:

- Pages KEPRO 0189-192; and
- Pages KEPRO 195-197.

These pages set forth above (KEPRO 189-192 and 195-197) contain confidential proprietary data relating to methods of handling appeals and are used by only KEPRO employees and not disseminated outside the organization to any third parties. These pages contain confidential information that could be used by competitors of KEPRO who might seek to obtain QIO contracts with

CMS and who would not have to expend any resources to set up procedures for handling appeals if there was public access to KEPRO confidential documents.

For the reasons stated above, KEPRO respectfully requests an order that would keep the following items under seal: Plaintiffs' Exhibits 20-24; Plaintiffs' Exhibit 27; Plaintiffs' Exhibit 28; Plaintiffs' Exhibit 29 pages numbered KEPRO 0189-192 and 195-197.[1]

### C. MEDICAL OFFICER COLLABORATION MEETING MINUTES SHOULD REMAIN UNDER SEAL.

HHS documents are also among those filed under seal by Plaintiffs. See Exhibits 3, 7, 8 and 9. These exhibits contain minutes of meetings that include the KEPRO Medical Directors. These individuals are practicing physicians and serve as peer reviewers for KEPRO. The identity of reviewers is "Confidential information" as defined by the regulations. 42 CFR § 480.101(b) ("Information that explicitly or implicitly identifies an individual patient, practitioner or reviewer."). Because the minutes contain confidential information, they should remain under seal.

### CONCLUSION

For the reasons stated above, the Plaintiffs Exhibits 20 through 24, 26 through 28, and 29 pages KEPRO 189-192 and 195-197 should remain under

---

[1] The document that is labeled "Plfs. Ex. 26" contains no information that KEPRO claims to be proprietary or confidential and, therefore, it does not need to be filed under seal.

9

seal. Additionally, Plaintiffs' Exhibits 3 and 7 through 9, which contain HHS materials, should remain under seal.

          Respectfully submitted,

          INTERESTED PARTY,
          KEYSTONE PEER REVIEW
          ORGANIZATION, INC.

By: /s/ Andrew M. Zeitlin
          Andrew M. Zeitlin (ct21386)
          SHIPMAN & GOODWIN LLP
          300 Atlantic Street, Third Floor
          Stamford, CT 06901-3522
          Tel. (203) 324-8100
          Fax (203) 324-8199
          E-mail: azeitlin@goodwin.com
          Its Attorneys

## **CERTIFICATE OF SERVICE**

   I hereby certify that on October 3, 2018 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                 /s/ Andrew M. Zeitlin
                 Andrew M. Zeitlin (ct21386)

7017953v2