# EXHIBIT B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| CHRISTINA ALEXANDER, et al., | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:11-cv-1703-MPS |
| ERIC D. HARGAN, Acting Secretary of Health and Human Services | ) ) | (If the action is pending in another district, state where:         ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Kepro, Inc.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
   See attached Exhibit A.

| Place: Michelle Hale, Wilson Sonsini Goodrich & Rosati 222 Delaware Avenue, Suite 800 Wilmington, DE 19801 | Date and Time: 02/05/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                                   *CLERK OF COURT*
                                                                    OR
                                                                                     /s/ Alice Bers
          _____                 _____
          *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      CHRISTINA ALEXANDER, et al.                                                                     , who issues or requests this subpoena, are:
Alice Bers (abers@medicareadvocacy.org; 860-456-7790) P.O. Box 350, Willimantic, CT 06226

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:11-cv-1703-MPS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply:

A. Except as otherwise specified, these definitions and instructions incorporate by reference the definitions set forth in Federal Rules of Civil Procedure 26 and 45 and Local Civil Rule 26(c), 26(d), and 45 of the United States District Court for the District of Connecticut.

B. The terms "You," and "Your" refer to Kepro, Inc. and its predecessors, and each of its present and former officers, directors, agents, representatives, employees and affiliates.

C. "Medicare" refers to the Centers for Medicare and Medicaid Services (CMS), a component of the Department of Health and Human Services of the United States government, and any and all of its agents, representatives, contractors, subcontractors, employees, servants, consultants, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of Medicare.

D. "Patient status reviews" means reviews conducted to determine the appropriateness of Medicare Part A payment for inpatient hospital claims.

E. "Two-Midnight Rule" means the policies regarding patient status and inpatient hospital admissions, including but not limited to the "2-midnight benchmark" and the "2-midnight presumption," described in the FY 2014 Hospital IPPS Final Rule, CMS-1599-F, as amended by the CY 2016 Hospital OPPS Final Rule, CMS-1633-FC, and as described in other guidance materials from Medicare.

F. "Short stay" reviews means patient status reviews to determine the appropriateness of Medicare Part A payment for short stay inpatient hospital claims under the Two-Midnight rule, such as the reviews addressed in the CMS memo titled, "Reviewing Short Stay Hospital Claims for Patient Status: Admissions On or After January 1, 2016," available at: https://www.cms.gov/Research-Statistics-Data-and-Systems/Monitoring-Programs/Medicare-FFS-Compliance-Programs/Medical-Review/Downloads/Reviewing-Short-Stay-Hospital-Claims-for-Patient-Status.pdf.

G. "Provider" and "providers" refers to organizations that meet the conditions of Medicare participation to furnish to Medicare beneficiaries services including, without limitation, inpatient hospital, skilled nursing facility, home health, hospice, and outpatient rehabilitation services.

H. The term "including" means "including but not limited to."

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, constituting, describing, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or

indirectly.

      J.     These document requests extend to all documents in the possession, custody, or control of You and Your agents. In responding to these requests, You should furnish not only such information as is available to or possessed by You, but also such information as is known to any of Your agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other person or entity acting or purporting to act on behalf of You.

      K.     If documents once in Your possession or control are requested or are the subject of a request, and such documents are no longer in Your possession or control, state when such documents were most recently in Your possession or control, and what disposition was made of them, including identification of the person or entity now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, by whom they were destroyed, and identify the person(s) who directed or advised their destruction.

      L.     If any documents contain identifying information of individual Medicare beneficiaries, such as names, birthdates, Social Security numbers, or other information implicating privacy interests, You may redact such information or submit the information pursuant to the Protective Order for Information Protected by HIPAA, the Privacy Act, or Otherwise Implicating Privacy Interests currently entered in this action. Documents may also be submitted pursuant to the Protective Order for Proprietary Business Information and Trade Secrets currently entered in this action.

      M.     In accordance with Local Rule 45 of the U.S. District Court for the District of Connecticut, if You claim privilege for any document, You must prepare a privilege log in accordance with Local Rule 26(e) to satisfy the requirements of Fed. Rule Civ. P. 45(e)(2).

      N.     If any portion of a document for which You claim a privilege contains non-privileged information, You must produce the document but You may redact any alleged privileged portion.

      O.     Unless expressly so stated, any separate instructions provided with an individual request shall be considered as supplemental instructions only, and shall not relieve you of the duty to respond in conformity with these instructions as well.

      P.     For communications sent to groups of persons, produce one sample of the communication and a list of other persons who received the same communication.

## DOCUMENTS TO BE PRODUCED

      1.     All guidance and instruction, including internal guidance generated by You or guidance from Medicare, on how to conduct patient status reviews since October 1, 2015, including but not limited to training materials, webinars, presentations, audio recordings, policy memos, manuals, forms, clinical guidelines, screening guides, flowsheets, and checklists, and

including any "re-training" materials that were used during or as a result of the suspension of BFCC-QIO short stay reviews during 2016.

2. For patient status reviews conducted since October 1, 2015 in accordance with the Two-Midnight Rule, all guidance for providers generated internally or by Medicare about such reviews, including but not limited to training materials, webinars, manuals, forms, memoranda, transmittals, fact sheets, manuals, webpages, frequently asked questions, presentations, audio recordings, guidelines, checklists and flow sheets.

3. All currently applicable guidance, including internal guidance and guidance from Medicare, about how to conduct hospital discharge appeals for Medicare beneficiaries pursuant to 42 C.F.R. § 405.1206, including but not limited to training materials, webinars, presentations, audio recordings, policy memos, manuals, forms, memoranda, transmittals, clinical guidelines, screening guides, flowsheets, and checklists.

4. Complete records of all completed patient status reviews conducted in accordance with the Two-Midnight Rule (also called short stay reviews) conducted from January 1, 2017 through March 31, 2017. The production should include, but is not limited to, reviews of the medical records by Your reviewers and any result letter or letters issued to the provider for such review.

5. All audio recordings, transcripts, notes, summaries, correspondence, or other memorializations of "1 on 1 provider education" (as referenced in CMS's Memorandum on "Reviewing Short Stay Hospital Claims for Patient Status: Admissions On or After January 1, 2016, available at: https://goo.gl/L77fKW) provided by You to providers that resulted from patient status reviews conducted since October 1, 2015.