UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTINA ALEXANDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR II, Secretary of Health and Human Services, <br><br> Defendant. | Case No.: 3:11-cv-1703-MPS |

## SUPPLEMENTAL LOCAL RULE 56(a)(1) STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56(a) and the Court's order of December 4, 2018 (ECF No. 361), the Secretary of Health and Human Services submits this supplemental statement of undisputed material facts in further support of his second motion for summary judgment:

1. Chapter 1, § 10 of the current Medicare Benefit Policy Manual sets forth the Centers for Medicare & Medicaid Services' ("CMS's") interpretive guidance regarding Medicare Part A payment requirements for inpatient hospital stays and regarding related inpatient admission decisions. Medicare Benefit Policy Manual, Ch. 1, § 10 (Ex. 1).

2. Plaintiff Dorothy Goodman was hospitalized from January 31 to February 3, 2014. ECF Nos. 166-49, 164-54, 164-55.

3. For the period from October 1, 2013, to present, Plaintiffs have adduced no evidence that the Department of Health and Human Services ("HHS") has directed hospitals to admit as inpatients all Medicare beneficiaries who meet or pass a commercial screening tool's criteria for inpatient admission.

4. For the period from October 1, 2013, to present, Plaintiffs have adduced no evidence that HHS has suggested that hospitals should admit as inpatients all Medicare beneficiaries who meet or pass a commercial screening tool's criteria for inpatient admission.

5. Plaintiffs have adduced no evidence that any hospitals currently admit Medicare beneficiaries as inpatients through rote application of commercial screening tools.

6. Plaintiffs to date have adduced no evidence indicating what any commercial screening tool's criteria for inpatient admission are (or were).

7. As explained by the Rule 30(b)(6) deponent for Mercy Hospital, both InterQual and MCG, which is the successor to Milliman, "have subsets that are based on clinical conditions" or "the affected body system." Dep. of Wanda Wilson (Ex. 2) 91:8-11, 154:18-23. In utilizing the commercial screening tool, hospital personnel "select the most appropriate subset" based on the patient's "primary condition" or "the working diagnosis," which are "typically . . . evident in the attending physician's history and physical." *Id.* 91:1-15. At Mercy Hospital, this process entails the utilization management nurse's taking information from the medical record based on the doctor's assessment of a particular patient. *Id.* 155:11-20.

8. Mercy Hospital's current procedures take into account situations that "MCG does not fully cover." *Id.* 170:15-171:2. "MCG does not fully cover" refers to the fact that the tool does not always "cover procedures in the way that [the hospital] would find ideal." *Id.* 170:15-23. In other words, the hospital's review process takes into account cases in which "the way procedures are even addressed within [the MCG] guideline is different than how [the hospital] would use it in [its] processes." *Id.* 170:23-171:2.

9. The Recovery Audit Contractor ("RAC") audits that the Court addressed in its earlier summary judgment ruling were suspended in 2013. Decl. of Daniel Duvall – RACs, ECF No. 160-11, ¶ 6. Specifically, after the publication of the Medicare Hospital Inpatient Prospective Payment System

(IPPS) Final Rule for FY 2014, CMS prohibited the RACs from performing inpatient hospital patient status reviews on claims for dates of admission from October 1, 2013, through September 30, 2015. Second Decl. of Jeneen Iwugo, dated January 29, 2019 (Ex. 3) ¶ 8. This prohibition was later extended to dates of admission through December 31, 2015. *Id.*

10. Currently, CMS monitors the appropriateness of Part A claims for short inpatient stays through what are known informally as "short stay reviews." *Id.* ¶¶ 3-5. In these reviews, contractors called Beneficiary & Family Centered Care Quality Improvement Organizations ("QIOs") review a sample of claims for short inpatient stays to ensure that providers are appropriately billing the claims under Medicare Part A. *Id.* ¶ 4. QIOs' performance of short stay reviews is governed by CMS guidance entitled "Reviewing Short Stay Hospital Claims for Patient Status: Admissions On or After January 1, 2016." *Id.* ¶ 6.

11. Since January 2016, RACs have been authorized to conduct patient status reviews only for those providers that have been referred by a QIO for exhibiting persistent noncompliance with Medicare payment policies. *Id.* ¶ 8. To date, there have been no such referrals. *Id.* ¶ 9.

Dated: January 30, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN DURHAM
United States Attorney

MICHELLE R. BENNETT
Assistant Branch Director

/s/ Elizabeth Tulis
ELIZABETH TULIS
KELLEY HAUSER
JASON LEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 514-9237
elizabeth.tulis@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

<i>/s/ Elizabeth Tulis</i><br>ELIZABETH TULIS