UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHRISTINA ALEXANDER
*Rep. of Estate of Bernice Morse*
MICHAEL SAVAGE; LEE BARROWS
GEORGE RENSHAW; SHIRLEY BURTON
DENISE RUGMAN; ANN PELOW, *Executor*
*of the Estate of Richard Bagnall*
JAMES MULCAHY, *Executor of the Estate*
*of Sarah Mulcahy*
MARY SMITH, *Rep., Estate of Martha Leyanna*
PEGGY LEIDER, *for Irma Becker*
PETER ZAVIDNIAK, *for Louis Dziadzia*
GARY GOODMAN, *Estate of Dorothy Goodman*
MICHAEL HOLT, *Estate of Charles Holt*
BRENDA HARDY, *Executrix of the Estate of*
*Loretta Jackson*

CASE NO. 3:11CV1703(MPS)

Vs.

ALEX M. AZAR, II
*Secretary of Health and Human Services*

JUDGMENT

This action came to trial before the Court, before the Honorable Michael P. Shea, United States District Judge.  The issues having been tried and a decision having been rendered, and

The Court having considered the full record of the case, including applicable principles of law, filed a Memorandum of Decision on March 24, 2020 finding that the Secretary is violating the Due Process Clause by denying members of the modified class the right to challenge the denial of their Part A coverage (and which Memorandum of Decision defines the terms used in this judgment); it is therefore

ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered in accordance with the Court's ruling ENJOINING the Secretary as follows:

1. The Secretary shall permit all members of the modified class defined in the March 24, 2020 Memorandum of Decision to appeal the denial of their Part A coverage.

2. For class members who have stayed, or will have stayed, at the hospital for three or more consecutive days, but who were designated as inpatients for fewer than three days, the Secretary shall permit appeals through an expedited appeal process substantially similar to the existing expedited process for challenging hospital discharges.

3. In the appeals to be established under this order, the Secretary shall permit class members to argue that their inpatient admission satisfied the relevant criteria for Part A coverage—for example, that the medical record supported a reasonable expectation of a medically necessary two-midnight stay at the time of the physician's initial inpatient order, in the case of a post–Two Midnight Rule hospital stay—and that the URC's determination to the contrary was therefore erroneous.  If the class member prevails, the Secretary shall disregard, for the purposes of determining Part A benefits, including both Part A hospital coverage and Part A SNF coverage, the beneficiary's reclassification as an outpatient that resulted from the URC's erroneous determination.

4. The Secretary shall provide class members with timely notice of the procedural rights described above.

5. For those class members whose due process rights were violated, or will have been violated, prior to the availability of the procedural protections set forth above, the Secretary shall provide a meaningful opportunity to appeal the denial of their Part A coverage, as well as effective notice of this right.

6. The Secretary may provide greater procedural protections than the ones described above, and may provide these protections to a broader class of beneficiaries, provided that the due process rights of the class members are fully protected as set forth above.

Dated at Hartford, Connecticut March 26, 2020.

                                        ROBIN D. TABORA, Clerk

                              By       /s/
                                      Devorah Johnson
                                      Deputy Clerk

EOD 3/26/2020